IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79334-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN SERGIO PERALTA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Steven Peralta challenges his convictions for possession of a controlled substance and bail jumping. Peralta argues the prosecutor committed prejudicial misconduct during closing argument by stating that drugs "don't stay behind locked doors" or "hidden in closets" and "affect everyone."[1] In the context of the prosecutor's entire closing argument, the remark did not appeal to the jury's emotions. In fact, immediately after the remark, the prosecutor explicitly encouraged the jury to base its verdict on the properly admitted evidence. Additionally, Peralta does not establish the remark was so flagrant and ill intentioned that any resulting prejudice could not have been neutralized by a curative instruction.

---

[1] Report of Proceedings (RP) (Nov. 7, 2018) at 489.

Peralta also contends he received constitutionally deficient representation because his defense counsel failed to object to the remark. Peralta fails to show the remark was an egregious misstatement. Because the closing argument was neither an improper appeal to passion or prejudice, nor prejudicial, Peralta does not establish ineffective assistance of counsel.

Therefore, we affirm.

## FACTS

The State charged Peralta with one count of possession of a controlled substance and one count of bail jumping. The jury convicted Peralta as charged.

Peralta appeals.

## ANALYSIS

### I. Prosecutorial Misconduct

Peralta contends the prosecutor committed prejudicial misconduct during closing argument.

We review prosecutorial misconduct claims for abuse of discretion.[2] To prevail on a claim of prosecutorial misconduct, the defendant bears the burden of establishing that the conduct was both improper and prejudicial.[3]

> Any allegedly improper statements should be viewed within the
> context of the prosecutor's entire argument, the issues in the case,
> the evidence discussed in the argument, and the jury instructions.
> Prejudice on the part of the prosecutor is established only where

---

[2] State v. Brett, 126 Wn.2d 136, 174, 892 P.2d 29 (1995).

[3] State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011) (quoting State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)).

"there is a substantial likelihood the instances of misconduct affected the jury's verdict."[4]

Here, during closing argument, the prosecutor made the following argument: "This case is not about whether or not Mr. Peralta is a good or bad person. Drug addiction is powerful and pervasive. And drugs don't stay behind locked doors. And they don't stay hidden in closets. And they affect everyone."[5]

Peralta did not object to the prosecutor's remark. "The failure to object to a prosecuting attorney's improper remark constitutes a waiver of such error unless the remark is deemed to be so flagrant and ill intentioned that it evinces an enduring and resulting prejudice that could not have been neutralized by an admonition to the jury."[6]

Peralta argues the prosecutor's remark improperly appealed to the jury's passion and prejudice. The question is whether the statement "encouraged the jury to base the verdict on the improper argument rather than on properly admitted evidence."[7]

Prior to the prosecutor's remark that drugs "affect everyone," the prosecutor reviewed the elements of possession and the evidence admitted during trial. The evidence admitted during trial included the presence of drug paraphernalia

---

[4] State v. Dhaliwal, 150 Wn.2d 559, 578, 79 P.3d 432 (2003) (citing State v. Brown, 132 Wn.2d 529, 561, 940 P.2d 546 (1997)) (quoting State v. Pirtle, 127 Wn.2d 628, 672, 904 P.2d 245 (1995)).

[5] RP (Nov. 7, 2018) at 488-89.

[6] State v. Hoffman, 116 Wn.2d 51, 93, 804 P.2d 577 (1991).

[7] State v. Salas, 1 Wn. App. 2d 931, 946, 408 P.3d 383 (2018).

throughout the home where Peralta was staying and drug paraphernalia and methamphetamine in Peralta's room.  The methamphetamine was found in a basket inside the closet.  The officers observed several locks installed on the door to Peralta's room.  And Peralta admitted to officers that he used methamphetamine and regularly purchased a month's supply for himself and his girlfriend.

Peralta contends the prosecutor's argument "cast Peralta as the villain in the drug abuse epidemic," was designed to arouse outrage, and "cast the jurors themselves as the victims by suggesting 'everyone' was affected by" Peralta's possession of methamphetamine.[8]  But any appeal to the juror's emotions was nominal.  Earlier, the prosecutor mentioned, "This case is not about whether or not Mr. Peralta is a good or bad person."[9]  The prosecutor noted that drugs may "hit far too close to home" for some jurors.[10]  The prosecutor's observation that drugs "affect everyone" was an attempt to give context about the impact of drugs to those jurors for whom drugs were "not within [their] realm of experience."[11]  This mild reference was not an emotional appeal to blame Peralta for the drug abuse epidemic.

---

[8] Appellant's Br. at 5.

[9] RP (Nov. 7, 2018) at 488.

[10] Id.

[11] Id. at 488-89.

4

And immediately after the challenged remark, the prosecutor reminded the jury, "You took an oath to follow the law," and "you did not check your common sense at the door."[12]  Consistent with the prosecutor's admonition that the jurors "look at the evidence" and "that you are to consider all of the testimony,"[13] the prosecutor focused on the evidence that "methamphetamine was being used in this house," "methamphetamine was being used in this room," "Mr. Peralta was using methamphetamine," and "Mr. Peralta possessed a large quantity of methamphetamine."[14]  In the context of the prosecutor's entire closing argument, the remark about drugs affecting everyone did not appeal to the jury's passion and prejudice.  The prosecutor encouraged the jury to base its verdict on the properly admitted evidence.

Even assuming, without deciding, the prosecutor's remark was improper, Peralta fails to establish the remark was so flagrant and ill intentioned that any resulting prejudice could not have been neutralized by a curative instruction.  A curative instruction could have easily neutralized the prosecutor's singular remark.

Peralta does not establish the prosecutor committed prejudicial misconduct.

---

[12] Id. at 489.

[13] Id. at 486.

[14] Id. at 489.

5

II.  Ineffective Assistance of Counsel

Peralta argues he received ineffective assistance of counsel.  We review a claim of ineffective assistance of counsel de novo.[15]  The defendant bears the burden of proving ineffective assistance of counsel.[16]  First, the defendant must prove counsel's performance was deficient.[17]  Second, the defendant must show counsel's deficient performance prejudiced his defense.[18]

Generally, courts strongly presume counsel's representation was effective.[19]  To determine whether counsel's performance was constitutionally deficient we consider "whether counsel's assistance was reasonable considering all of the circumstances."[20]

Peralta argues he received deficient representation because defense counsel failed to object during the prosecutor's closing argument.  "Defense counsel's failure to object to a prosecutor's closing argument will generally not constitute deficient performance because lawyers 'do not commonly object

---

[15] State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

[16] State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

[17] Id.

[18] Id.

[19] State v. Townsend, 142 Wn.2d 838, 843, 15 P.3d 145 (2001) (quoting State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)), overruled on other grounds by State v. Pierce, ___ Wn.2d ___, 455 P.3d 647 (2020).

[20] In re Pers. Restraint of Brett, 142 Wn.2d 868, 873, 16 P.3d 601 (2001) (citing Strickland, 466 U.S. at 689-90).

during closing argument 'absent egregious misstatements.'"[21]  Rather, "[i]f a prosecutor's remark is improper <u>and</u> prejudicial, failure to object may be deficient performance."[22]

Because we have concluded that the challenged statements were neither improper nor prejudicial, Peralta fails to establish his ineffective assistance claim.

Therefore, we affirm.

_____

WE CONCUR:

_____ _____
Andrus, A.C.J.

---

[21] <u>In re Pers. Restraint of Cross</u>, 180 Wn.2d 664, 721, 327 P.3d 660 (2014), (quoting <u>In re Pers. Restraint of Davis</u>, 152 Wn.2d 647, 717, 101 P.3d 1 (2004)), <u>abrogated on other grounds by</u> <u>State v. Gregory</u>, 192 Wn.2d 1, 427 P.3d 621 (2018).

[22] <u>Id.</u> (emphasis added).